**ROSEN v. GOLD SEAL RUBBER CO.**

Civ. No. 8838.

United States District Court
D. Massachusetts.

Jan. 24, 1950.

Edgar H. Kent, Boston, Mass., William R. Hulbert, Jr., Boston, Mass., for plaintiff.

George P. Dike, Boston, Mass., George P. Towle, Jr., Boston, Mass., Robert S. Sanborn, Boston, Mass., for defendant.

SWEENEY, Chief Judge.

In this action the plaintiff charges the defendant with infringement of United States Letters Patent Design No. 151,071, which covers an ornamental design for a child's boot or similar article. The answer denies the validity of the patent, denies infringement of it and, in a counter-claim, seeks a declaratory judgment holding the patent invalid and not infringed. There is before me now the defendant's motion for summary judgment.

### Findings of Fact

This patent covers an ornamental design for a boot shown in drawings accompanying the patent application. These represent a child's leather boot fashioned in cowboy style with a curved top extending slightly above the ankle and a leather rowel on the shank of the shoe, held in position by a leather brace affixed to the back strap of the shoe. On the side of the boot there is a medallion picturing a cowboy riding a bucking horse whose front legs are on the ground and hind legs are in the air. The medallion purports to represent no particular cowboy.

The accused boot, made by the defendant, is rubber, with a rubber rowel affixed by rubber straps which extend almost to the front part of the instep. On its side is an embossed picture in color of a cowboy on a rearing horse, the horse standing on his hind legs. This picture includes the words, "The Lone Ranger", and we assume that the defendant is licensed by the owner of "The Lone Ranger" mark to use it.

The patentee has granted licenses to at least three other manufacturers, one of whom is the Goodyear Footwear Corporation. When Goodyear had notice of a news-

paper advertisement of the accused boot it requested the patentee, in accordance with the terms of Goodyear's licensing agreement, to bring suit against the defendant since the boot advertised was very similar to the article Goodyear was manufacturing under its license. Goodyear's boot is strikingly similar to the defendant's as it, too, has a rubber rowel affixed by colored rubber straps which extend almost to the instep of the boot. It also has a similar colored rubber figure of a cowboy on a horse rearing on its hind legs. This cut-out is affixed to the side of the boot.

■■■ Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., prevents the granting of a motion for summary judgment where there is a genuine issue as to any material fact. There are such issues in re the question of invention with relation to this design patent. While there may be no invention in a design comprising a boot and a spur, that conclusion cannot be extended to a combination of boot, spur, and medallion. Invention in a design patent cannot be evaluated by examination of the parts of a design without regard to their relationship to each other. Walker on Patents, § 41 at p. 216 (Deller's Ed., 1937). Neither party has put the file wrapper in evidence, and I feel that the issue of invention here cannot be resolved without considering the prior art in the field of designs for children's boots and such other evidentiary facts as either side might produce at a trial on the merits. I therefore feel that the question of validity of the patent in issue ought not to be considered in this motion for summary judgment.

■■■ The motion for summary judgment with regard to non-infringement as a basis will now be considered. Where it is apparent that there is no genuine issue of fact bearing on infringement, and the structure and appearance of the accused device are such that they may be readily comprehended by the court, and compared with the invention described and claimed in the patent, without the need of technical explanation by the testimony of expert witnesses, then the court, if satisfied that there is no

infringement, should render judgment for the defendant, instead of subjecting the parties to the expense of trial. Authority for this is found in Steigleder v. Eberhard Faber Pencil Co. et al., 1 Cir., 176 F.2d 604.

■■■ These boots are all designed for children who, because of comic books, radio, and television, can readily distinguish "The Lone Ranger", Hopalong Cassidy, and others of their kind. Because children probably have as much voice in the selection of such articles as their parents who actually buy them, the identity of the person depicted by the medallion in the accused design becomes important both to the buying public and to the manufacturer. The patentee cannot claim the exclusive right to depict any and all cowboys in any and all positions on the sides of either a rubber or leather boot. He is entitled to the exact design depicted in his patent and anything which might reasonably be interpreted as an infringement of his design. The test of infringement is old and well settled by Gorham Mfg. Co. v. White, 1872, 14 Wall. 511, 20 L.Ed. 731; Ashley v. Weeks-Numan Co., 2 Cir., 1915, 220 F. 899. It is whether the ordinary observer, giving such attention as a purchaser usually gives, would purchase an article manufactured under plaintiff's patent. That which comprises plaintiff's design, i. e. the construction of plaintiff's patent claims, is a matter of law which can be decided on the basis of the claims themselves. Coupe v. Royer, 1894, 155 U.S. 563, 15 S.Ct. 199, 39 L.Ed. 263; Singer Manufacturing Company v. Cramer, 1903, 192 U.S. 265, 24 S.Ct. 291. It cannot be denied that the medallion is the important element in this design patent. It is doubtful if the plaintiff's design would be patentable without this feature. Although a cursory glance at the Goodyear boot might cause a purchaser to confuse it with defendant's boot, this is principally because Goodyear has varied the position of its horse to simulate The Lone Ranger's horse and adopted strap spurs. These considerations are not material to the case at bar because the Court is not adjudicating whether Goodyear has the right to vary the medallion under which it is licensed to copy the plaintiff's design. We are asked to

158

decide whether the buying public, giving such attention as a purchaser usually gives, would confuse the plaintiff's and defendant's design products. In appearance alone they are decidedly different. An additional reason for the public not being confused is the different construction of the rowels. The plaintiff's rowel is affixed to the back strap of the boot and is merely a movable rowel with dull points. The defendant's rowel made of rubber calls for sharp points and for the supporting brace which extends forward toward the instep.

### Conclusions of Law

Based on all of the foregoing, I conclude and rule that the defendant's product does not infringe the plaintiff's design patent.

I conclude and rule that the defendant's motion for summary judgment must be granted because it does not infringe the plaintiff's patent.